UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MILLER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:24-cv-907 |
| v. | : | (JUDGE MANNION) |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | : : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the court in this diversity jurisdiction insurance contract dispute is Defendant Allstate Vehicle and Property Insurance Company's partial motion to dismiss, (Doc. 10), Counts II, III, and IV of Plaintiff John Miller's Amendment complaint, which respectively allege bad faith, intentional misrepresentation, and promissory estoppel. Defendant moves to dismiss these counts based on Plaintiff's failure to state a claim upon which relief may be granted. For the reasons discussed below, the court will **DENY** Defendant's motion.

### I. BACKGROUND

The background of this case is taken from the factual allegations set forth in Plaintiff's amended complaint, (Doc. 7), which the court must accept

as true on motion to dismiss. Prior to November 2022, Plaintiff purchased a homeowners insurance policy from Defendant to provide insurance coverage for his home in Pike County, Pennsylvania. On or about November 21, 2022, Plaintiff's home was destroyed by fire. As a result, Plaintiff suffered losses as to both the structure of his home and his personal property contained therein.

Plaintiff subsequently submitted a claim to Defendant, who paid a portion of Plaintiff's structural losses. However, Defendant did not pay Plaintiff for $89.767.79 in excavation, electrical, and plumbing bills related to his structural losses. Defendant also did not pay Plaintiff for his lost personal property totaling $446,775.37. Plaintiff, without counsel, subsequently spoke with his insurance agent, Brian Lentz, who informed him that he had two years from the date of his loss to file a lawsuit against Defendant over his claim. The adjuster assigned to Plaintiff's claim, William Moore, likewise told Plaintiff that he had two years to file a lawsuit against Defendant. Moore also did not present his claim estimate to Plaintiff until November 15, 2023, almost a full year after the date of his loss. Accordingly, Plaintiff reasonably believed and expected that he had two years not one within which to file a lawsuit against Defendant.

On or about May 2, 2024, Plaintiff filed a lawsuit against Defendant in the Pike County Court of Common Pleas regarding his claim from the fire on November 21, 2022. Defendant removed to this court on June 3, 2024, (Doc. 1), and filed its answer and affirmative defenses on June 12, 2024. (Doc. 5.) On June 17, 2024, Defendant filed a motion for judgement on the pleadings arguing for the first time that Plaintiff's insurance policy contained a one-year limitation period that necessitated dismissal of the present suit. (Doc. 6) On June 28, 2024, Plaintiff filed an amended complaint, (Doc. 7), and the court denied without prejudice Defendant's motion for judgment on the pleadings as moot on July 2, 2024. (Doc. 9.) Defendant filed the present motion to dismiss on July 12, 2024. (Doc. 10.) Defendant filed a brief in support of its motion on July 16, 2024, (Doc. 11), and Plaintiff filed his brief in opposition on July 23, 2024. (Doc. 12.) Defendant's reply brief was therefore due on August 6, 2024. *See* Local Rule 7.7. However, Defendant did not timely file a reply or seek an extension to do so and its motion is now ripe for disposition.

## II. **LEGAL STANDARD**

Defendant's partial motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule (12)(b)(6) provides for

the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief may be granted. In considering a partial motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the cause of action." *Peters v. Geico Advantage Ins. Co.*, 2019 WL 3816929, *2 (M.D. Pa. 2019) (citing *Trzaska v L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2018)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy federal pleading requirements, the non-moving party must also "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Phillips*, 515 F.3d at 231 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, "[i]inasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court Opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009).

### III. DISCUSSION

Defendant argues that Count II of Plaintiff's amended complaint (bad faith) is factually and legally insufficient and Counts III and IV (intentional misrepresentation and promissory estoppel) fail to comply with federal pleading requirements. Furthermore, to the extent Plaintiff's bad faith claim is based on a breach of the covenant good faith and fair dealing, Plaintiff's intentional misrepresentation claim sounds in quasi-contract, Plaintiff's estoppel claim is based on the Unfair Insurance Practices Act (UIPA) and/or Unfair Claims Settlement Practices Act (UCSPA), and Plaintiff's estoppel claim is based on the doctrine of equitable estoppel, Defendant argues those claims must be dismissed as a matter of law. However, through his brief in opposition Plaintiff concedes that his bad faith claim is not based on the covenant of good faith and fair dealing, and his estoppel claim is not a private

right of action under any statute. Accordingly, the court will not discuss those issues but will address the rest of Defendant's arguments in turn.

### A. Plaintiff's Bad Faith Claim

Defendant seeks dismissal of Plaintiff's amended bad faith claim pursuant to 42 Pa. Const. Stat. Ann. §8371 which states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. Ann. §8371. The Pennsylvania Supreme Court has long held that an insurer must act with "the utmost good faith" towards its insured. *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1128, 1231 (Pa. Super. Ct. 1995) (citing *Fedas v. Insurance Co. of Pa.*, 151 A. 285, 286 (Pa. 1930)). The insurers duty of good faith is contractual and arises because the insurance company assumes a fiduciary status through its policy which gives it the right to handle claims and control settlement. *Romano*, 646 A.2d at 1231 (citing *Gray v. Nationwide Mut. Ins. Co.*, 223 A.2d 8 (Pa. 1966)).

Under Pennsylvania law, bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty, through some motive of self-interest or ill will; mere negligence is not bad faith." *Wolfe v. Allstate Prop. and Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 64 A.2d 860 (Pa. Super. Ct. 1994)). "Bad faith claims are fact specific and depend on the conduct of the insurer vis a vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2000).

To recover on a bad faith claim under §8371, a plaintiff must show by clear and convincing evidence that (1) the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Wolfe*, 790 F.3d at 498. A "dishonest purpose" or "motive of self-interest or ill will" is not a third element of this test. *Rancosky v. Washington Nat. Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017) (citing *Greene v. United Services Auto. Ass'n*, 936 A.2d 1178, 1190 (Pa. Super. Ct. 2007)). However, a motive of "self-interest" or "ill-will" may be considered in determining the second prong of the bad faith test. *Id*. Recklessness on the part of the insurer can support

a finding of bad faith. *Id.* "Bare-bones" conclusory statements are not sufficient to state a bad faith claim. *Peters v. GEICO Advantage Ins. Co.*, 2019 WL 3816929, at *6 (M.D. Pa. 2019).

Defendant argues that Plaintiff does not assert sufficient factual allegations to support a bad faith claim. Defendant also argues that many of the allegations provided by Plaintiff are similar to those routinely dismissed as insufficient. *See Krantz v. Peerless Indem. Ins. Co.*, 2019 WL 1123150 (E.D. Pa. 2019); *Hwang v. State Farm Mut. Auto. Ins. Case*, 2019 WL 1765938 (E.D. Pa. 2019).[1] Specifically, Defendant argues that Plaintiff only sets forth a number of conclusory allegations such as:

> (a) "dilatory and abusive claim handling;"
>
> (b) "knowingly and recklessly disregarding the lack of reasonable basis in denying payment of benefits;"
>
> (d) "failing to pay Plaintiffs' claim;"
>
> (e) "assuming a fiduciary obligation and then failing to carry out the same in good faith;"
>
> (j) "breaching its fiduciary duties of good faith and fair dealing;"
>
> (o) "unlawfully, improperly and willfully asserting a basis for action that defendant knew was incorrect and unlawful."

(Doc. 7 pp. 10-11.)

---

[1] Defendant states that "this district" routinely dismisses allegations like those made by Plaintiff but only cites cases from the Eastern District of Pennsylvania. (Doc. 10 ¶¶40, 44.)

In response Plaintiff asserts that Defendant is merely cherry-picking allegations and recites a more complete list of its allegations. (Doc. 12 pp. 6-9.) But many of the allegations recited by Plaintiff are equally conclusory to those cited by Defendant and substantially similar to those previously dismissed by this court. *See Muckin v. Cincinnati Life Insurance Co.*, 2024 WL 3678689 (M.D. Pa. 2024; *Allman v. Metro Group Prop. & Cas. Ins. Co.*, 2021 WL 4502263 (M.D. Pa. 2021).

Still there are three allegations that appear unique to this case. First is the allegation Defendant acted in bad faith by "misrepresenting to Plaintiff that the statute of limitations on his claims arising out of the subject insurance policy was two years from the date of loss, despite knowing that the contractual limitations period was allegedly one year from the date of loss." (Doc. 12 p. 9.) The second allegation is Defendant acted in bad faith by "delaying full payment of Plaintiff's claim until after the expiration of the alleged contractual limitations Period." *Id*. The third allegation is Defendant acted in bad faith by committing the first two acts while Plaintiff was not represented by counsel. *Id*.

Plaintiff correctly asserts that Defendant completely ignores these specific allegations, but also fails to cite any authority that supports the court finding such allegations support a plausible bad faith claim under §8371.

Nonetheless the law is clear that "liability for bad faith can be premised on more than just unreasonably denying benefits under the policy." *McMahon v. Med. Protective Co.*, 92 F. Supp. 3d 367, 388 (W.D. Pa. 2015) (citing *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 506 (3d Cir. 2004)). "Bad faith conduct also includes 'lack of good faith investigation into fact[s], and failure to communicate with the claimant.'" *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004) (quoting *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 910 (Pa. Super. Ct. 1999) (bad faith during pendency of a lawsuit can violate §8371 if intended to aid denying a claim)).

    Here Plaintiff has alleged that Defendant failed to communicate with him about his ability to sue regarding his policy with intent to aid in denying his claim. At this stage of the proceeding the court must accept these allegations as true. See *UPMC Health Sys.,* 391 F.3d at 506 (3d Cir. 2004) ("While the alleged bad faith need not be limited to the literal act of denying a claim, the essence of a bad faith claim must be the unreasonable and intentional (or reckless) denial of benefits.") Accordingly, Plaintiff's bad faith claim is not factually or legally insufficient and the court will deny Defendant's motion as to Count II.

**B. Plaintiff's Compliance with Federal Pleading Requirements**

Defendant argues that Counts III and IV of Plaintiff's Amendment Complaint fail to comply with federal pleading requirements. Specifically, Defendant argues that these claims fail to comply with Federal Rules of Civil Procedure 8 and 10. Rule 8 states in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). Similarly Rule 10 state in relevant part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed.R.Civ.P. 10(b).

According to Defendant, Plaintiff's amended complaint violates these rules because it does not specifically state the causes of action alleged in Counts III and IV in violation of Rule 8 and appears to allege multiple causes

- 11 -

of action under a single count in violation of Rule 10. As such Defendant asserts that these counts constitute an impermissible "shotgun" pleading, and it would be severely prejudiced if the court did not dismiss them. In response Plaintiff does not deny that he has failed to explicitly label the causes of action alleged in Courts III and IV but instead argues that he is not required to separately label his legal theories or causes of action. Plaintiff through his brief in opposition also concedes that in Counts III and IV he is not bringing multiple causes of action but only brings claims for intentional misrepresentation in Count III and promissory estoppel in Count IV.

The Third Circuit has an established policy against "shotgun pleading[s]." *See Hynson ex rel. Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). Courts in this circuit have recognized four types of shotgun pleadings: "(1) 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts'; (2) a complaint that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) a complaint that does not 'separat[e] into a different count each cause of action or claim for relief'; and (4) a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought

against." *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859. Ultimately shotgun pleadings "fail[,] ... in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Id.; see, e.g.*, *M.B. v. Schuylkill County*, 375 F. Supp. 3d 574, 586 (E.D. Pa. 2019).

Here it appears that Defendant construes Counts III and IV as constituting the second and/or third type of shotgun pleading. However, as discussed more fully below Counts III and IV, may be poorly written but are not replete with only conclusory allegations, and do not fail to plead a claim for relief in violation of Rule 8. Likewise, Plaintiff has conceded that Count III only pleads a claim of intentional misrepresentation and Count IV only pleads a claim for promissory estoppel, so these counts do not combine causes of action like a shotgun pleading or in violation Rule 10. Accordingly, Plaintiff's amended complaint does not violate federal pleading requirements and the court will not dismiss Counts III and IV solely on that basis.

### C. Plaintiff's Intentional Misrepresentation Claim

In addition to violating federal pleading requirements, Defendant argues that Plaintiff's intentional misrepresentation claim, which it refers to as a detrimental reliance claim, must be dismissed because a written contract exists between the parties. According to Defendant Count III seeks quasi-contract relief and therefore cannot exists as a matter of law where a written contract, in the form of insurance policy, exists between the parties. In response Plaintiff acknowledges that its intentional misrepresentation claim sounds in tort but nonetheless argues it can still plead that claim in the alternative to its breach of contract claim.

Under Pennsylvania law the gist-of-the-action doctrine bars a tort action "when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014). Still Pennsylvania courts have cautioned against prematurely dismissing a tort action on the basis of this doctrine, because Pennsylvania law also permits the pleading of tort and contract claims in the alternative. *See Telwell, Inc. v. Grandbridge Real Estate Capital, LLC*, 143 A.3d 421, 429 (Pa. Super. Ct. 2016). Although Plaintiff has alleged that Defendant breached a contract, Defendant has indicated that it believes claims under

that contract to be time barred. As such, it is not clear at this stage of the proceeding, whether the gist of Plaintiff's action sounds in contract or tort.

Moreover, Plaintiff pleads facts sufficient to support a plausible intentional misrepresentation claim. To maintain an action for intentional misrepresentation under Pennsylvania law, a plaintiff must plead:

> (1) [a] representation;
>
> (2) which is material to the transaction at hand;
>
> (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;
>
> (4) with the intent of misleading another into relying on it;
>
> (5) justifiable reliance on the misrepresentation; and,
>
> (6) the resulting injury was proximately caused by the reliance.

*Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999). Here Plaintiff has pled the following, which the court must accept as true at this stage of the proceeding. Defendant through its agents Moore and Lentz represented to him that he would have two years to file a lawsuit against Defendant over his claim from the fire on November 21, 2022. The representation is material to Plaintiff's actual ability to sue Defendant for breach of contract. Defendant and/or its agents knew or should have known this representation was false. Defendant's misrepresentation was intentional. Plaintiff was justified in

- 15 -

relying on that misrepresentation and that reliance caused Plaintiff's injury.[2] Accordingly, Plaintiff intentional misrepresentation claim is not factually or legally insufficient at this stage of the proceedings and the court will deny Defendant's motion as to Count III.

### D. **Plaintiff's Promissory Estoppel Claim**

Defendant argues that Count IV of Plaintiff's Amended Complaint must be dismissed because it brings a claim for equitable estoppel and there is no such cause of action. In Pennsylvania, "equitable estoppel arises 'where one, by his acts, representations or admissions or by his silence . . . has intentionally or by culpable negligence induced another to believe that certain facts exist and the other rightfully relies and acts on such belief to his prejudice. . .'" *Gilius v. Board of Supervisors of Fairview Township*, 552 A.2d 327, 330 (Pa. Cmmw. Ct. 1988). But equitable estoppel is only a defense not

---

[2] The court notes that the injury at issue in this claim is Plaintiff's inability to bring a breach of contract suit against Defendant because of the allegedly misrepresented one-year limitation period in his policy. Since Plaintiff's breach of contract claim has not and will not be dismissed here, he has technically not yet suffered this injury. Nonetheless this claim still meets the injury in fact requirement for standing under Article III of the United States Constitution because there is a substantial risk Plaintiff will suffer that injury given Defendant's apparent position regarding the one-year limitation period in Plaintiff's policy. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, (2014) (citing *Clapper v. Amnesty International,* 568 U.S., 398, 414, n. 5 (2013) (For the purpose of Article III standing "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur."))

an independent cause of action. See Graham v. Pennsylvania State Police, 634 A.2d 849, 851–52 (Pa. Cmmw. Ct. 1993) ("Graham has not shown how she acted or refrained from acting to her prejudice. Moreover, assuming for the sake of argument that equitable estoppel would create a basis for our jurisdiction, the doctrine has only been recognized as a defense and not a cause of action in itself.").

However, Plaintiff argues that Count IV does not bring a claim for equitable estoppel but promissory estoppel, which is an independent cause of action. See Greenwald Caterers Inc. v. Lancaster Host, LLC, 599 F. Supp. 3d 235, 266 (E.D. Pa. 2022) ("A cause of action for promissory estoppel seeks to enforce a promise.") To maintain an action in promissory estoppel, the aggrieved party must show that "1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise." Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000).

Here Plaintiff has pled the following, which the court must accept as true on motion to dismiss. Defendant through its agents Moore and Lentz, told him he would have two years not one to file a lawsuit against Defendant

over his claim from the fire on November 21, 2022. As a result of that promise Plaintiff waited more than one year to file a lawsuit against Defendant. If Plaintiff is subsequently found to be time barred from bringing a lawsuit against Defendant because of the one-year limitation period, injustice may only be avoided through the enforcement of Moore and Lentz's promises. Accordingly, Plaintiff's promissory estoppel claim is not factually or legally insufficient and the court will deny Defendant's motion as to count IV at this stage of the proceedings.

### IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss will be **DENIED**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 29, 2024**
24-907-01